UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA E. COIRADAS,**

    **Plaintiff,**

v.                                                                         CASE No.: 8:04-cv-2215-T-MSS

**JOANNE B. BARNHART**
**Commissioner of Social Security,**

    **Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability, disability insurance benefits, and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.     Background**

    **A.     Procedural History**

Plaintiff filed applications for disability and disability insurance benefits on December 23, 1999.  (T. 62-64.)  Plaintiff alleged an onset of disability on July 15,

1999, due to fibromyalgia and asthma. (T. 62, 76-85, 86-89, 92-99, 109-112, 114-115.) Plaintiff's disability claims were denied initially, upon reconsideration and in a hearing decision by ALJ Richard E. Ouellette dated June 21, 2001. (T. 40, 48, 25-36.) On January 7, 2003, the Appeals Council remanded the case for further proceedings. (T. 37-39.) A supplemental hearing was held on May 13, 2003, before ALJ Ouellette. (T. 13.) During the supplemental hearing, Plaintiff was represented by counsel and a vocational expert, Joyce Courtright (the "VE"), testified. (T. 13.) In a decision dated August 13, 2003, the ALJ again denied Plaintiff's claims for benefits. (T. 10-22.) The Appeals Council denied review of the decision on April 24, 2004. (T. 3-6.) This action for judicial review ensued.

### B.   Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision dated August 13, 2003. (T. 10-22.) In summary, Plaintiff complained of fibromyalgia and asthma, which caused pain, swelling in her extremities, dizzy spells, fatigue and numbness in her hands. (T. 77.) Plaintiff also noted that she has CREST syndrome (consisting of the presence of <u>C</u>alcinosis, <u>R</u>aynaud's phenomeon, <u>E</u>sophageal dysfunction, <u>S</u>clerodactyly and <u>T</u>elangictasia, indicative of scerloderma). (T. 86.)

At the second hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. (T. 15-19.) After considering the evidence, the ALJ found that Plaintiff's impairments were severe within the meaning of the Social Security Act and regulations. (T. 17.) However, Plaintiff did not have

an impairment or combination of impairments listed in Appendix 1, Subpart P of Social Security Regulations No. 4 or medically equal to the listed impairments because: fibromyalgia does not appear in the listing; her doctors have found that she does not exhibit symptoms for CREST syndrome; her fine and gross manipulations are not limited; her asthma is controlled by medicine; and she has not been diagnosed with depression   (T. 17.)

The ALJ found Plaintiff's subjective complaints of pain were not fully credible because of inconsistencies between her statements and her medical records, as well as between her statements and her actions.  (T. 17-18.)  The ALJ determined that Plaintiff's residual functional capacity (the "RFC") was only mildly restricted.  (T. 17, 19.) While Plaintiff could not perform her past relevant work, due to occasional limitations in concentration, the VE testified that she could work as a food and beverage order clerk, large parts assembler, or product inspector.  (T. 19-20.)  The ALJ therefore concluded Plaintiff was not disabled under the Act.  (T. 21.)

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing because 1) the ALJ improperly rejected the opinions of Plaintiff's treating physicians; 2) the ALJ improperly failed to consider all impairments; and 3) the Appeals Council erred by not remanding the case under sentence six of 42 U.S.C. § 405(g) for consideration of newly submitted evidence.

Because Plaintiff requests remand under sentence six, the Court begins its analysis there. For the reasons that follow, the Undersigned **REVERSES** the

decision of the Commissioner and **REMANDS** this case to the Commissioner for consideration of newly submitted evidence.

## II.   Discussion

**WHETHER NEW EVIDENCE SUBMITTED TO THE APPEALS COUNCIL JUSTIFIES A REMAND.**

Plaintiff contends that the Appeals Counsel erred in not remanding the case for consideration of new evidence.

### 1.   Plaintiff's Proffered Evidence in Support of Remand

In support of her motion for remand under sentence six of 42 U.S.C. § 405(g), the Plaintiff offers treatment records from Dr. Mahendra Patel dating from April 23, 2003 through May 3, 2004 (T. 225-244), as well as treatment records from rheumatologist, Dr. Joel C. Silverfield from June 27, 2003 through June 2004 (T. 247-256), which include an ocular exam performed on Plaintiff by Dr. Marc J. Mallis at Dr. Silverfield's request. (T. 250).

Plaintiff began her treatment with Dr. Patel three weeks prior to the second ALJ Hearing. Plaintiff submitted Dr. Patel's treatment notes, as well as a medical source statement form completed by Dr. Patel on Plaintiff's behalf, to the Appeals Council. (T. 228-244). Dr. Patel's notes indicate that he found Plaintiff to be suffering from fibromyalgia (T. 230-232,238-240). In addition, Dr. Patel noted another positive finding of anti-nuclear antibodies ("ANA") with centromere pattern discovered through testing done in April 2003. (T. 241). A lumbar scan ordered by Dr. Patel

showed a central/right eccentric disc protrusion causing an "impress" on the right central S1 nerve, as well as causing a right lateral recess stenosis. (T. 243). Finally, on the medical source statement form that Dr. Patel completed for Plaintiff, he indicated that Plaintiff could not perform even sedentary work. (T. 228-29).

Dr. Silverfield's treatment notes also contain a positive ANA with centromere pattern, with a tentative diagnosis of CREST and fibromyalgia. (T. 247-249). In addition, Dr. Silverfield submitted a medical source statement form noting that in an eight (8) hour day, Plaintiff could sit for two (2) hours and stand/walk for one (1) hour; occasionally lift up to five (5) pounds; could not use her hands repetitively for simple grasping, pushing and pulling arm control, or for fine manipulation. (T. 18). In addition, Dr. Silverfield found that Plaintiff could not use her feet for repetitive movements, would need one twenty (20) minute rest period per hour, and would need to lie down or recline for more than one (1) hour during an eight (8) hour workday. (T. 246).

In the report submitted to Dr. Silverfield from Dr. Marc J. Mallis, Dr. Mallis notes under the "Impression" section of his report that Plaintiff suffers from CREST Syndrome and Fibromyalgia. In addition, Dr. Mallis also noted on his report that although Plaintiff's ocular exam was relatively normal, Plaintiff does exhibit signs of "early cortical lense changes." (T. 250).

Plaintiff argues that this evidence is new and non-cumulative evidence that is material to the outcome of the ALJ's decision. (Pl. Br., pp.17-19; T. 225).

Specifically, Plaintiff contends "[t]his information is new and material as it relates to the period both before and after last date insured of June 30, 2003." (T. 225). In addition, Plaintiff contends that:

> These records are significant in that both physicians indicate diagnostic assessment of fibromyalgia, with repeat laboratory testing positive for CREST. Also, [an] MRI demonstrates objective evidence of vertebrogenic disorder (found with Dr. Patel's records proffered herewith). Both physicians by way of Medical Source Statement opine limitations which would not permit full time work even at a reduced sedentary exertional level (Social Security Ruling 96-9p). It is noted that these independent Medical Source Statements are essentially consistent with those of prior treating physician Rudy Mayoz, M.D. . . . Accordingly, there are now three treating physicians who have opined limitations which would be considered disabling for the purposes of Social Security disability.

(T. 225).

Defendant counters that the evidence proffered by Plaintiff does not warrant remand under sentence six of 42 U.S.C. § 405(g), because the new treatment records submitted indicate that Plaintiff continued to receive the same conservative treatment she had been receiving, which the ALJ had previously considered. (Comm. Br., pp. 11-12). The Appeals Council considered the new evidence and found that this did not provide a basis for changing the ALJ's decision. (T. 3A-6).

   **2.   Legal Analysis**

Under sentence six of 42 U.S.C. § 405(g), the Court may remand a case for the taking of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence

6

into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). To prove that remand is appropriate in this case, Plaintiff "must show that '(1) there is new, non-cumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" Vega v. Commissioner of Social Security, 265 F.3d 1214 (11th Cir. 2001)(citations omitted). See also Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986). It is not necessary that the Plaintiff demonstrate error before remand under sentence six is available, so long as new, material evidence exists. Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996). Evidence is material if there is a reasonable possibility that the new evidence would change the administrative outcome. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987).

    **a.    Whether the Evidence Submitted by Plaintiff is New, Non-Cumulative and Material**

Plaintiff argues that the medical records from Dr. Mahendra Patel dating from April 23, 2003 through May 3, 2004, and the treatment records from rheumatologist, Dr. Joel C. Silverfield from June 27, 2003 through June 2004, are new, non-cumulative and material. Specifically, Plaintiff claims that both sets of treatment records constitute new evidence because they were submitted after the second ALJ hearing; they are non-cumulative because they offer evidence not previously before

the ALJ; and, they are material because they are likely to change the outcome.

As for the legal statement, Plaintiff is correct. Evidence proffered under sentence six is "new" if it was not previously before the ALJ. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). The evidence is "non-cumulative" if it provides objective medical evidence supporting Plaintiff's allegations that the ALJ had previously found to be inadequate. Id. (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)). It is deemed material if there is a reasonable possibility that the new evidence will change the administrative outcome. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). Thus, in order to be deemed material, the new evidence must relate back to the time period on or before the ALJ's decision date. Magill v. Comm'r of Soc. Sec., No. 05-11856, slip op. at 2 (11th Cir. Aug. 29, 2005).

The Undersigned finds that the evidence meets the requirements of sentence six. The evidence submitted by Plaintiff was not contained in the administrative record. Specifically, the "new" evidence submitted indicates that Plaintiff suffers from fibromyalgia, with repeat laboratory testing positive for CREST syndrome.

Its materiality is proven, by the ALJ's reasoning in his rejection of Plaintiff's claim. In his opinion dated, August 13, 2003, the ALJ specifically noted that Plaintiff's "physicians have stated specifically that she does not have the CREST syndrome indicated at least in part in descriptions of auto-immune diseases." (T. 17). In addition, the ALJ stated that he did not "find the claimant to be a credible witness. In her written reports she has enhanced her condition, e.g. at Exhibit 6E she alludes

to having CREST syndrome, but medical records indicate that she does not have such symptomatology." (T. 18). While, the previous record contained positive ANA results, which are indicative of CREST syndrome, the new records submitted corroborate Plaintiff's testimony that she suffers from CREST syndrome. As noted above, Dr. Marc J. Mallis specifically wrote that Plaintiff suffered from CREST syndrome. (T. 250).

In addition to the records relating to CREST syndrome, an MRI of Plaintiff's lumbar spine ordered by Dr. Patel showed a central/right eccentric disc protrusion causing an "impress" on the right central S1 nerve and right lateral recess stenosis. (T. 243). Plaintiff complained of back pain related to her fibromyalgia (T. 298); however, prior to this medical record Plaintiff had not undergone an MRI to support her subjective complaints of pain.

Further, the Court finds that the records submitted are material because the evidence submitted contains limitations imposed by both Drs. Patel and Silverfield resulting from Plaintiff's medical conditions, specifically fibromyalgia and CREST syndrome relating back to the period under adjudication. (T. 228-29; T. 245-46). Both Drs. Patel and Silverfield completed Medical Source Statements opining that Plaintiff suffered from limitations which would not permit full time work even at a reduced sedentary exertional level. As Plaintiff states in her memorandum, these medical source statements strongly support Dr. Mayoz' previous opinions in the two RFC forms he completed and there is no contrary evidence from any treating or

9

examining doctor. Further, as to Dr. Patel, Plaintiff had only just started to see him on the eve of her ALJ hearing. Many of his treatment records date prior to the date of the ALJ decision. At the very least, the ALJ was obligated to fully develop the record by obtaining these medical records from Dr. Patel.

Certainly, the reasonable probability exists, that with this new evidence to fill in the gaps that caused the ALJ's rejection of Plaintiff's claim, the outcome on remand will be different.

### b. Whether the Plaintiff Has Shown Good Cause for Failing to Provide the "New" Evidence to the ALJ

Remand under sentence six also requires that a finding of good cause exists for Plaintiff's failure to submit the evidence to the ALJ.

The good cause requirement is satisfied when the evidence submitted by Plaintiff was not in existence at the time of the ALJ's decision. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). When the evidence submitted by Plaintiff was in existence, Plaintiff must offer good cause to explain the evidence timely. See Taylor v. Comm'r of Soc. Sec., 43 F. App'x 941, 943 (6th Cir. 2002).

Plaintiff states that although she began seeing Dr. Patel shortly before the ALJ hearing on August 13, 2003, most of her treatment records from Drs. Patel and Silverfield (which includes Dr. Mallis's report) were dated after the ALJ hearing. The Commissioner does not address the "good cause" prong of Plaintiff's sentence six remand. In the absence of any controverting statement or conclusion, the Court

finds the good cause standard has been met.

## IV.     Conclusion

For the reasons cited above, the submission of new evidence to the Appeals Council requires a remand of the case.  The ALJ's decision denying disability insurance benefits is, therefore, **REVERSED** and this case is **REMANDED** to the Commissioner for further consideration.  The Court **ENTERS** judgment in favor of the  Plaintiff and **DIRECTS** the Clerk to enter judgment pursuant to Rule 58 and **CLOSE** this case.  Because the Court finds that this case should be remanded under sentence six, Plaintiff's other two points of error are not addressed in this Order.

**DONE** and **ORDERED** in Tampa, Florida, on this 27th day of March 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

11